IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEROY MCKINNIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:15-cv-2804-L |
| § | |
| DIGITAL INTELLIGENCE SYSTEMS § | |
| CORPORATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER TRANSFERRING CASE

Defendant Digital Intelligence Systems Corporation ("DISYS" or "Defendant") has filed a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). *See* Dkt. No. 4. United States District Judge Sam A. Lindsay has referred this motion to the undersigned United States magistrate judge for determination. *See* Dkt. No. 18. Plaintiff Leroy McKinnis has filed a response, *see* Dkt. No. 9, and DISYS has filed a reply, *see* Dkt. No. 12.

For the reasons explained below, the Court GRANTS Defendant's Motion to Transfer Venue [Dkt. No. 4].

**Background**

Plaintiff filed this action in state court in Dallas, Texas against DISYS, which then removed the case to this Court. *See* Dkt. No. 1. Plaintiff alleges that DISYS breached a contract with Plaintiff regarding the incentive compensation allegedly due to Plaintiff following the termination of his employment and discriminated against him

-1-

during his employment on the basis of his race and age. *See* Dkt. No. 1-3.

DISYS is a corporation organized under the laws of the state of Virginia, with its principal place of business in Virginia. *See* Dkt. No. 1-3 at 3 of 9; Dkt. No. 4 at 2. On or about May 11, 2009, Leroy McKinnis was hired as a Senior Account Executive at DISYS and entered into an employment agreement with DISYS to reflect the terms of his employment. *See* Dkt. No. 1-3 at 4 of 9; Dkt. No. 5. Paragraph 9.7 of the employment agreement provides as follows:

> Choice of Law/Jurisdiction. Employee acknowledges that this Agreement was made by the Parties in the Commonwealth of Virginia and shall be governed, construed and enforced in accordance with the laws of the Commonwealth of Virginia (without regard to its conflict of law principles). Employee acknowledges that the state and federal courts of the Commonwealth of Virginia shall be the exclusive forum for the resolution of any disputes concerning this Agreement or concerning Employee's employment with the Company, and that Employee agrees to submit to the jurisdiction of those courts, waiving the defenses of lack of personal jurisdiction or inconvenient forum.

Dkt. No. 5 at App. 9. In in his Original Petition, Plaintiff acknowledges that the employment agreement between Plaintiff and DISYS is a "valid and enforceable employment contract." Dkt. No. 1-3 at 5 of 9.

After removal, Defendant filed its Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), requesting that the Court transfer the case to the Alexandria Division of the United States District Court for the Eastern District of Virginia. *See* Dkt. No. 4. Defendant asserts that Plaintiff signed an employment agreement with Defendant, agreeing that the state or federal courts in Virginia have exclusive jurisdiction over any disputes concerning his employment agreement or concerning Plaintiff's employment

with Defendant, and that the case should be transferred to the Eastern District of Virginia based on this explicit forum-selection clause. *See id.* at 1.

## Legal Standards

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In applying Section 1404(a), the Court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once this initial determination is made, the Court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citations omitted).

Transfer of venue under Section 1404(a) is generally at the Court's discretion, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by

transfer to a different forum.'" *El Chico Restaurants of Texas, Inc. v. Carroll*, No. 3:09-cv-2294-L, 2010 WL 2652286, at *2 (N.D. Tex. June 29, 2010) (quoting *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)).

A plaintiff's original choice of forum is generally entitled to some deference, which dictates that the moving party must "demonstrate[] that the transferee venue is clearly more convenient." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). But, while a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient," Plaintiff's "choice of forum ... is not an independent factor within ... the § 1404(a) analysis." *Id.* at 314 n.10, 315. Rather, "a plaintiff's choice of venue is to be treated as a burden of proof question." *Id.* at 314 n.10 (internal quotation marks omitted).

A forum selection clause may be enforced by a motion to transfer venue under Section 1404(a). *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Texas*, 134 S. Ct. 568, 574, 579 (2013). A valid forum selection clause is "'given controlling weight in all but the most exceptional cases,'" and, when the parties have agreed to a valid forum selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. *Id.* at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp*, 487 U.S. 22, 33 (1988)).

In *Atlantic Marine*, the United States Supreme Court held that "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.* "First, the plaintiff's choice of forum merits no weight," because "the plaintiff has effectively exercised its 'venue privilege' before the dispute

arises" through the forum selection clause agreement. *Id.* at 581-82. Second, "arguments about the parties' private interests" must not be considered, since, by agreeing to the forum selection clause, the parties effectively "waive the right to challenge" any private inconvenience that the "preselected forum" may create. *Id.* at 582. Accordingly, the Court "must deem the private-interest factors to weigh entirely in favor of the preselected forum," and only "arguments about public-interest factors" may be considered when deciding whether to transfer under Section 1404(a) to the contractually-specified venue. *Id.* But "those factors will rarely defeat a transfer motion," with "the practical result is that forum-selection clauses should control except in unusual cases." *Id.* And "the party acting in violation of the forum-selection clause ... must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 583; *see also In re Rolls Royce Corp.*, 775 F.3d 671, 674-83 (5th Cir. 2014) (discussing *Atlantic Marine*); *Cline v. Carnival Corp.*, No. 3:13-cv-1090-B, 2014 WL 550738, at *6 (N.D. Tex. Feb. 12, 2014) (same).

## Analysis

As an initial matter, DISYS's removal of this action to this Court from state court does not prohibit DISYS from then invoking a forum-selection clause and moving to transfer the case to another federal district. *See generally Sharpe v. AmeriPlan Corp.*, 769 F.3d 909, 914, 918-19 (5th Cir. 2014); *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 835 (5th Cir. 1993); *Benz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985); *Aguacate Consolidated Mines, Inc., of Costa Rica v. Deeprock, Inc.*, 566 F.2d 523, 525 (5th Cir. 1978); *Icepiece, Inc. v. Wells Fargo Bank, N.A.*, No. 3:14-cv-3528-BN, 2015 WL

524202, at *2 (N.D. Tex. Feb. 9, 2015); *Quality Custom Rail & Metal, LLC v. Travelers Cas. and Sur. Co. of Am.*, No. 3:13-cv-3587-D, 2014 WL 840046, at *2 (N.D. Tex. Mar. 4, 2014).

And the *Atlantic Marine* analytical framework applies here where the parties' employment agreement contains a mandatory, not permissive, forum-selection clause – which Plaintiff does not dispute. *See* Dkt. No. 5 at App. 9; Dkt. No. 9; *Waste Mgmt. of La., L.L.C. v. Jefferson Parish ex rel. Jefferson Parish Council*, 594 F. App'x 820, 820-22 (5th Cir. 2014) (per curiam); *UNC Lear Services, Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 219 (5th Cir. 2009) ("Mandatory forum-selection clauses that require all litigation to be conducted in a specified forum are enforceable if their language is clear.").

Further, DISYS has shown that the employment agreement's forum-selection clause is valid and applies to this action, which Plaintiff, again, does not dispute. *See* Dkt. No. 1-3 at 5 of 9; Dkt. No. 4; Dkt. No. 9. Indeed, Plaintiff does not argue that the employment agreement's forum-selection clause is invalid or inapplicable. *See generally Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) ("Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a 'heavy burden of proof.'" (internal quotation marks omitted)); *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam) ("Such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." (internal quotation marks omitted)); *Steve Silver Co., Inc. v. Manna*

*Freight Sys., Inc.*, No. 3:14-cv-2601-D, 2014 WL 5286624, at \*2-\*4 (N.D. Tex. Oct. 15, 2014).

When the Court is presented with a valid, applicable, mandatory forum-selection clause, the Supreme Court has instructed that "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atlantic Marine*, 134 S. Ct. at 581. *Atlantic Marine* dictates that the Court should enforce such a forum-selection clause unless public-interest factors overwhelming disfavor a transfer. *See Atlantic Marine*, 134 S. Ct. at 581-82; *Cline*, 2014 WL 550738, at \*6. And Plaintiff bears the burden to show that public-interest factors overwhelmingly disfavor DISYS's request for a transfer. *See Atlantic Marine*, 134 S. Ct. at 583.

Recognizing this, Plaintiff opposes transfer on the basis that "[t]his is an employment discrimination and breach of contract case arising from McKinnis's employment with Defendant in the State of Texas; "McKinnis worked for Defendant at its offices in Dallas County, Texas for approximately five years before he was terminated in the spring of 2014" and that, "[a]lthough the events giving rise to this action occurred in the State of Texas, Defendant now seeks to transfer venue to the Commonwealth of Virginia based upon a forum selection clause in McKinnis's employment contract with Defendant," but, "[d]ue to the nature of the facts and circumstances giving rise to this case in the State of Texas, this case presents extraordinary circumstances that should prevent transfer to Virginia," where "the relevant public interest factors established by federal courts weigh heavily against a

transfer to the Commonwealth of Virginia." Dkt. No. 9 at 1.

As to the factor relating to the local interest in having localized interests decided at home, Plaintiff asserts that all of the acts giving rise to his claims occurred in Texas and that he lived in Texas and was employed by Defendant for five years at its Dallas offices. *See id.* at 2-3. Plaintiff contends that his claims are based on discriminatory employment actions committed by Defendant in Dallas County, Texas; that the employees and witnesses involved in the actions at issue are located in Texas; and that this Court has a far greater local interest in deciding McKinnis's employment discrimination claims than does a Virginia court, where he has brought employment discrimination claims against Defendant under section 21 of the Texas Labor Code. *See id.* at 3. The Court is not persuaded that these facts show that this public-interest factor overwhelming disfavors a transfer. The facts regarding witnesses relate to arguments about the parties' private interests that the Supreme Court has directed must not be considered in this context. *See Atlantic Marine*, 134 S. Ct. at 582. And, as DISYS points out, Plaintiff no longer lives in the Northern District of Texas. *See* Dkt. No. 1-3 at 2-3 of 9; Dkt. No. 12 at 4. Finally, Plaintiff's other arguments as to this factor otherwise, "at most, set forth facts to establish that this court has a local interest in considering the case because the alleged acts of discrimination occurred in Texas and Defendant maintains an office in Texas." *Henry v. Covenant Transp. Inc.*, No. 3:13-cv-1926-L, 2014 WL 2217336, at *3 (N.D. Tex. May 29, 2014). The Court finds that that – even including any local interest in having this Court apply Texas law – "is insufficient to sustain Plaintiff's heavy burden to demonstrate that public interest

factors 'overwhelmingly disfavor' transfer ... under the forum selection clause." *Id.* Were it otherwise, merely filing a lawsuit alleging conduct in a district sufficient to establish venue there under 28 U.S.C. § 1391(b)(2) and alleging violations of the forum state's law would also be sufficient to make any such action one of those "most unusual cases" in which the public interest overwhelmingly disfavors transfer. *Atlantic Marine*, 134 S. Ct. at 583. The Court cannot square this logical conclusion of Plaintiff's approach with the Supreme Court's guidance that the public-interest "factors will rarely defeat a transfer motion" based on a forum-selection clause. *Id.* at 582.

As to the factor relating to the familiarity of the forum with the law that will govern the case, Plaintiff asserts that, notwithstanding the employment agreement's choice-of-law clause, Texas law governs his statutory "discrimination claims, and this Court will be far more familiar with the protections provided in section 21 of the Texas Labor Code, weighing heavily against transfer to Virginia." Dkt. No. 9 at 3-6. Even assuming that Plaintiff is correct as to this choice-of-law issue, Plaintiff has also asserted a breach of contract claim to which Virginia law undisputedly will apply under the choice-of-law clause. *See* Dkt. No. 1-3 at 5-6 of 9; Dkt. No. 5 at App. 9. For that reason alone, in this case presenting two causes of action, the Court cannot find that this public-interest factor overwhelmingly disfavors transfer.

Finally, as to the factor relating to the administrative difficulties flowing from court congestion, Plaintiff asserts that the Northern District of Texas had an average of 284 fewer cases filed per division over a 12-month period, showing that the court congestion in the Eastern District of Virginia weighs against transfer of this case.

*See* Dkt. No. 9 at 6. But, as DISYS correctly points out in reply, judges in this district have reasoned that, "when considering this factor, the real issue is not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Siragusa v. Arnold*, No. 3:12-cv-4497-M, 2013 WL 5462286, at * 7 (N.D. Tex. Sept. 16, 2013) (quoting *USPG Portfolio Two, LLC v. John Hancock Real Estate Fin., Inc.*, No. 3:10-cv-2466-D, 2011 WL 1103372, at *5 (N.D. Tex. Mar. 25, 2011); internal citations and quotation marks omitted). "Accordingly, the median time interval from case filing to disposition is a better statistic for this analysis." *Id.* And DISYS has provided statistics showing that the median time interval from filing to disposition in the Eastern District of Virginia's Alexandria Division – the so-called "rocket docket" – is lower than that in the Dallas Division of the Northern District of Texas. *See* Dkt. No. 12 at 2-3. Under these circumstances, the Court cannot find that this public-interest factor overwhelmingly disfavors transfer.

Because Plaintiff has not met his burden to show that this is one of those "most unusual cases" in which the public interest overwhelmingly disfavors transfer and that therefore presents extraordinary circumstances that should prevent transfer to the Eastern District of Virginia, the Court finds that "'the interest of justice,'" as defined in Section 1404(a), "is served by holding [Plaintiff] to [his] bargain" by way of transfer to the parties' agreed-upon venue. *Atlantic Marine*, 134 S. Ct. at 581, 583.

## Conclusion

The Court GRANTS Defendant Digital Intelligence Systems Corporation's

Motion to Transfer Venue [Dkt. No. 4] and ORDERS that this case be transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division pursuant to 28 U.S.C. § 1404(a).

    SO ORDERED.

    DATED: November 23, 2015

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE